STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONTARIO

---

LORENZO LOPEZ,

                          PLAINTIFF,

VS.

SMURFIT-STONE CONTAINER
ENTERPRISES, INC.,

                        DEFENDANT.

**COMPLAINT**

Index No. 106047

ONTARIO COUNTY CLERK'S OFFICE
FILED

MAR 04 2011

By _____
ACTING DEPUTY CLERK

---

The Plaintiff, through his attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., complains of the Defendant and alleges as follows:

1. That at all times relevant to this action, Plaintiff Lorenzo Lopez (hereinafter referred to as "Plaintiff"), was a resident of the County of Ontario and State of New York.

2. That as a direct result of the negligence and acts and/or omissions of the Defendant, Plaintiff was seriously injured on November 22, 2008.

3. Upon information and belief, and at all times relevant, the Defendant, SMURFIT-STONE CONTAINER ENTERPRISES, INC., (hereinafter referred to as "Defendant") was a foreign business corporation duly organized under the laws of the State of Delaware and authorized to do business in the State of New York, with its principal place of business located at 6 City Place Drive, Creve Coeur, Missouri, 63141.

4. Defendant is, or, at all times relevant was, engaged in the business of designing, manufacturing, equipping, testing, inspecting, servicing, repairing, marketing,

selling and/or distributing packaging equipment identified by the "Smurfit-Stone Packaging Systems" logo or moniker to purchasers and packaging plants, such as Great Lakes Kraut Company, LLC. (hereinafter referred to as "Great Lakes") located at 11 Clark Street, Shortsville, NY 14548.

5. Defendant is, or at all times relevant was, engaged in the continuous course of business involving the manufacture, distribution, sale and/or service of products within the State of New York, and has derived considerable and regular income from interstate commerce and specifically from commerce within the State of New York.

6. Great Lakes purchased a Smurfit-Stone Packaging System at some point prior to November 22, 2008.

7. At all times hereinafter mentioned, Plaintiff was lawfully and properly in and about the premises of Great Lakes.

8. On November 22, 2008, while working for Great Lakes, Plaintiff's left arm was seriously and permanently injured and disfigured when it was caught in a defective Smurfit-Stone conveyor located at Great Lake's Shortsville warehouse.

9. Upon information and belief, the Defendant and/or its successors in interest, designed, manufactured, equipped, tested, inspected, serviced, repaired, marketed, sold and/or distributed the aforementioned conveyor.

10. Defendant and/or its successors in interest are liable for the torts of the entity that designed, manufactured, equipped, tested, inspected, serviced, repaired, marketed, sold and/or distributed the aforementioned conveyor.

11. Plaintiff, who was conscious at the time of the accident, suffered in a terrible and agonizing manner due to the injuries caused by the defective conveyor.

12. On or about January 5, 2010, Great Lakes informed the Plaintiff it could no longer accommodate Plaintiff's work restrictions due to his left arm injury. On January 5, 2010, Plaintiff's employment with Great Lakes was terminated as a result of the injuries caused by the defective Smurfit-Stone conveyor.

13. By reason of the foregoing, Plaintiff has incurred significant lost wages and medical bills.

14. That as a direct result of the negligence, acts and/or omissions of the Defendant, Plaintiff was seriously and severely injured, was caused to suffer severe and excruciating pain and agony and has been rendered sick, sore, lame and disabled, with much pain and suffering. Upon information and belief, all of the injuries and their sequelae are of a permanent nature.

15. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "15" of this Complaint with the same force and effect as if fully set forth herein.

17. Defendant owed a duty of care to Plaintiff to use reasonable care in designing, manufacturing, equipping, assembling, testing, inspecting, servicing and/or repairing, marketing, selling and distributing the Smurfit-Stone conveyor.

18. Defendant breached its duty of care when Defendant negligently designed, manufactured, equipped, equipped, assembled, tested, inspected, serviced and/or repaired, marketed, sold, distributed the defective conveyor.

19. The accident and injuries herein were caused solely by the negligence of the Defendant, its agents, servants and/or employees and without any culpable conduct on the part of the Plaintiff contributing thereto.

20. That Defendant had actual and/or constructive notice that the packaging system was unsafe.

21. At the time of the occurrence, the conveyor was being used for the purpose and in the manner normally intended.

22. As a result of Defendant's negligence, Plaintiff has sustained serious and permanent bodily injuries, pain and suffering, loss of enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth herein.

24. The design of the subject conveyor was defective and unreasonably unsafe.

25. Defendant failed to take appropriate measures to correct the design defect and/or recall or remove the conveyor from the market.

26. Defendant knew or should have known that the design of the conveyor was defective, dangerous and capable of causing harm and severe injuries to human beings.

27. The design defect existed at the time the product left Defendant's possession or control.

28. It was feasible for Defendant to design the Smurfit-Stone conveyor in a safer manner.

29. At the time of the occurrence, the conveyor was being used for the purpose and in the manner normally intended.

30. That the design defects proximately caused the Plaintiff to sustain serious and permanent injuries.

31. Based upon the foregoing, Defendant is strictly liable because Plaintiff was caused to sustain serious and permanent bodily injuries, pain and suffering, loss of enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33. The subject conveyor manufactured by Defendant was defective and unreasonably unsafe as manufactured.

34. Defendant failed to take appropriate measures to correct the manufacturing defect and/or recall or remove the conveyor from the market.

35. Defendant knew or should have known that the manufacturing of the conveyor was defective, dangerous and capable of causing harm, severe injuries and possible death to human beings.

36. The manufacturing defect existed at the time the product left Defendant's possession or control.

37. It was feasible for Defendant to manufacture the Smurfit-Stone conveyor

in a safer manner.

38. At the time of the occurrence, the conveyor was being used for the purpose and in the manner normally intended.

39. Based upon the foregoing, Defendant is strictly liable because Plaintiff was caused to sustain serious and permanent bodily injuries, pain and suffering, loss of enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A FOURTH CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "39" of this Complaint with the same force and effect as if fully set forth herein.

41. Defendant at all relevant times had a duty to warn against dangers resulting from the defects and dangers of the Smurfit-Stone conveyor.

42. Defendant failed to take appropriate measures to warn Plaintiff and others of the design and manufacturing defects, of the dangers associated with its use, and/or recall or remove the conveyor from the market.

43. The design and manufacturing defects existed at the time the product left Defendant's possession or control.

44. Defendant knew or should have known that there were dangers associated with using its conveyor, and it failed to warn the end user of those dangers.

45. At the time of the occurrence, the conveyor was being used for the purpose and in the manner normally intended.

46. Based upon the foregoing, Defendant is liable because Plaintiff was caused to sustain serious and permanent bodily injuries, pain and suffering, loss of

enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION

47. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "46" of this Complaint with the same force and effect as if fully set forth herein.

48. Defendant expressly and impliedly warranted to Great Lakes and to all persons who used the conveyor including, but not limited to, Plaintiff, that the purpose for which the conveyor was designed, manufactured, sold and intended, and all of the component parts, systems, equipment and accessories of the conveyor, were free from any and all hidden defects and dangers and were of merchantable quality and fit for the purpose for which they were planned, designed, manufactured, tested, sold and intended.

49. Defendant knew or should have known at the time of sale of the conveyor that Great Lakes and all other persons who used the conveyor relied upon the Defendant's skill and/or judgment in furnishing the conveyor.

50. Plaintiff justifiably relied upon the Defendant's express and implied warranties that the conveyor was not defectively designed, manufactured, equipped, sold, distributed, tested and inspected, that Defendant had properly serviced and/or repaired the conveyor, and that it fairly, properly and reasonably warned users of dangers associated with using the conveyor.

51. Defendant's representations and warranties were false, misleading and inaccurate, in that the conveyor, when put to the test of actual performance, was, and proved to be, defective, dangerous, unsound and unsuitable for the purpose for which it

was intended.

52. Plaintiff could not, by the exercise of reasonable care, have discovered the design and/or manufacturing defects and perceived its danger.

53. Defendant breached its express and implied warranties because the conveyor was defectively designed, manufactured, equipped, tested, inspected, serviced, repaired, marketed, sold and/or distributed the defective conveyor.

54. Defendant's breach of express and implied warranties was the sole factor of the events which caused the accident and Plaintiff's resulting injuries.

55. Based upon the foregoing, Defendant is liable because Plaintiff was caused to sustain serious and permanent bodily injuries, pain and suffering, loss of enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A SIXTH CAUSE OF ACTION

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "55" of this Complaint with the same force and effect as if fully set forth herein.

57. Defendant breached the implied warranty of merchantability and fitness for the ordinary purpose when defendant improperly designed, manufactured, distributed, sold, equipped, tested and inspected, serviced and/or repaired the conveyor because the conveyor was not fit for their ordinary purpose.

58. Based upon the foregoing, Defendant is liable because Plaintiff was caused to sustain serious and permanent bodily injuries, pain and suffering, loss of enjoyment of life, past and future loss of income and medical expenses.

## AS AND FOR A SEVENTH CAUSE OF ACTION

59. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58" of this Complaint with the same force and effect as if fully set forth herein.

60. By reason of the foregoing, Plaintiff is entitled to punitive damages because Defendant's failure to correct the design defect and/or recall or remove the conveyor from the market was wanton and/or in conscious disregard of the rights of others.

61. By reason of the foregoing, Plaintiff is also entitled to punitive damages because the failure to warn Plaintiff and others of the design and manufacturing defects and Defendant's failure to correct the design and manufacturing defects and/or recall or remove the conveyor from the market was wanton and/or in conscious disregard of the rights of others.

62. By reason of the foregoing, Plaintiff is also entitled to punitive damages because the manufacturing defect and Defendant's failure to correct the manufacturing defect and/or recall or remove the conveyor from the market was wanton and/or in conscious disregard of the rights of others.

63. By reason of the foregoing, Plaintiff is also entitled to punitive damages because Defendant breach of its express and implied warranties was wanton and/or in conscious disregard of the rights of others.

64. By reason of the foregoing, Plaintiff is also entitled to punitive damages because Defendant's breach of the implied warranty of merchantability and fitness for the ordinary purpose was wanton and/or in conscious disregard of the rights of others.

65. By reason of the foregoing, Plaintiff is also entitled to punitive damages

because Defendant's actions and/or inactions were grossly negligent and Defendant's failure to use reasonable care in designing, manufacturing, equipping, testing, inspecting, servicing and/or repairing, marketing, selling and distributing the Smurfit-Stone conveyor and failure to correct the design and manufacturing defects and/or recall or remove the Smurfit-Stone conveyor from the market was wanton and/or in conscious disregard of the rights of others.

WHEREFORE, Plaintiff, Lorenzo Lopez, demands judgment against the Defendant in an amount exceeding the jurisdictional amounts of all lower courts which Swould otherwise have jurisdiction, together with interest, costs and disbursements, and for such further and different relief as this Court may deem just and proper.

Dated: February 28, 2011

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
José E. Perez, Esq.
Attorney for Plaintiff, Lorenzo Lopez
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911