UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LORENZO LOPEZ,

                              Plaintiff,

                                                                 DECISION AND ORDER

                                                                     11-CV-6249L

          v.

SMURFIT-STONE CONTAINER ENTERPRISE, INC.,

                              Defendant.
_____

      Plaintiff, Lorenzo Lopez, commenced this action seeking damages for personal injuries that he allegedly sustained while using a conveyor manufactured by defendant Smurfit-Stone Container Enterprises, Inc.

      On June 12, 2012, Magistrate Judge Marion W. Payson issued an Order (Dkt. #14), following a telephone conference with counsel for both sides, stating that "[t]he Court ha[d] been advised that [plaintiff's] counsel, despite diligent efforts, [had been] unable to locate the Plaintiff ... ." The Court therefore gave "plaintiff's counsel additional time to attempt to locate the Plaintiff," with directions for plaintiff's counsel to keep the Court apprised of the result, and the status of the case. *Id.*

      In a letter to the Court dated July 23, 2012 (Dkt. #15), plaintiff's attorney stated that he had learned that plaintiff had been deported from the United States, and was living in Mexico. Plaintiff's attorney requested another sixty days to attempt to locate plaintiff. On August 31, 2012, counsel asked for an additional 120 days "to contact Mr. Lopez and confirm his ability an willingness to prosecute this matter." Dkt. #18 at 3-4.

      Following another status conference, Magistrate Judge Payson issued an Order (Dkt. #19) on October 22, 2012 stating that "unless plaintiff's counsel advises this Court in writing by no later

than November 16, 2012, that plaintiff's counsel has communicated with plaintiff and that plaintiff desires to prosecute this action and submits a proposed plan for doing so, an Order to Show Cause why this case should no be dismissed for failure to prosecute will be issued."

On November 19, 2012, the Court did issue such an order, directing plaintiff's counsel to show cause by December 3, 2012, why the case should not be dismissed for failure to prosecute. (Dkt. #22).

In an affidavit filed on December 3 (Dkt. #23), plaintiff's counsel stated that he "ha[d] no additional information to offer this Court" related to the current whereabouts of plaintiff ...," and asked the Court "to adjourn the pending Order to Show Cause until April 2013" so that counsel could make additional efforts to locate plaintiff and find out if he wishes to prosecute this action.

That request is denied, and this action is dismissed for failure to prosecute. "A district court may *sua sponte* dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for, *inter alia*, failure to prosecute." *Badalamenti v. Country Imported Car Corp.*, No. CV-10-4993, 2012 WL 6061639, at *6 (E.D.N.Y. Dec. 5, 2012) (citing *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001)); *see also Thomas v. Shinseki*, No. 09-cv-4900, 2011 WL 4753525, at *2 (E.D.N.Y. Oct. 6, 2011) ("[A] district court has the inherent power to dismiss a case, *sua sponte*, for lack of prosecution").

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Hidalgo v. Gilbert*, No. 10-CV-6522, 2012 WL 473462, at *1 (W.D.N.Y. Feb. 13, 2012).

As the above recitation makes clear, this case has been delayed for over half a year due to plaintiff's failure to prosecute, communicate with his own attorney, or even make his whereabouts known to the Court or counsel. Plaintiff's own actions have rendered it pointless for the Court to make further attempts to give him notice of the possible consequences of his continued failure to prosecute, and there is no indication in the record that an additional extension will likely result in anything except further delay.

Plaintiff's attorney states in his most recent affidavit (Dkt. #23) that his former associate, who handled this case in the past, has spoken to plaintiff's cousin, and that plaintiff's cousin indicated that he might be able to get in touch with plaintiff sometime this winter, but given the significant delays that have already occurred in this case, and plaintiff's apparent lack of interest in pursuing this litigation, the mere possibility that someone *might* be able to get a message through to plaintiff is not enough to justify prolonging this case any further.

## CONCLUSION

This action is dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.2 of the Local Rules for the Western District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 9, 2013.